ARTHUR KELLEY, an Infant, by JOHN J. KELLEY, His Guardian ad Litem, Respondent, *v.* CARL H. SCHULTZ, INC., Appellant.

*Negligence* — *boy run over by team and wagon* — *evidence insufficient to establish negligence on part of defendant but establishing contributory negligence on part of plaintiff.*

*Kelley* v. *Schultz, Inc.*, 206 App. Div. 696, reversed.

(Argued November 27, 1923; decided December 27, 1923.)·

APPEAL from a judgment. of the Appellate Division of the Supreme Court in the first judicial department, entered June 15, 1923, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. The plaintiff, a boy who was thirteen years of age in July, 1922, was injured October 31, 1919, by coming in contact with a team of horses belonging to the defendant. He testified that at about four o'clock in the afternoon he came out of a stationery store on the westerly side of Columbus avenue, about three doors south of Eighty-fourth street, and "started to go across" said avenue. Two automobiles were standing at the curb on the westerly side of the avenue at this point, these automobiles being about ten feet apart. The plaintiff walked easterly between these two automobiles and looked "a couple of times" in both directions, he said, and proceeded to cross the part of the roadway between the automobiles and the

" L " pillars near the center of the street. Before he got
to the " L " pillars and when he was about half way
across he was hit by defendant's horses approaching from
the north, and received the injuries by the wheels of the
wagon passing over him.

*Frederick W. Catlin, J. T. McEntee* and *Robert H.
Woody* for appellant.

*George A. Hopkins, Louis P. Brown* and *Louis F.
Stumpf* for respondent.

Judgments reversed and complaint dismissed, with costs
in all courts on ground that the evidence does not tend
to establish negligence on the part of defendant but does
establish contributory negligence on the part of plaintiff.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND,
MCLAUGHLIN, CRANE and ANDREWS, JJ.